1
2
3
4
5

UNITED STATES DISTRICT COURT
6
WESTERN DISTRICT OF WASHINGTON
7
AT SEATTLE

8   JAMES JOE ROBINSON, JR.,

9                           Plaintiff,                    CASE NO. C19-1569-JLR-BAT

10        v.                                              **REPORT AND
                                                          RECOMMENDATION**
11   THOMAS C. O'BAN, et al.,

12                           Defendants.

13        Plaintiff James Joe Robinson seeks leave to proceed in forma pauperis (IFP) and filed a

14   proposed complaint. Dkt. 1. However, Mr. Robinson has failed to state a claim under 42 U.S.C.

15   § 1983 and it is therefore recommended that the complaint be **dismissed without prejudice** and

16   the IFP application be **denied as moot**.

17                                     **BACKGROUND**

18        Mr. Robinson purports to sue King County Deputy Prosecuting Attorney Thomas C.

19   O'Ban, King County Prosecuting Attorney Daniel T. Satterberg, and King County. Dkt. 1-1

20   (Complaint) at 1. He alleges that at his criminal trial, Mr. O'Ban improperly submitted to the

21   jury evidence that the judge had excluded from the trial, and that this violated his rights to due

22   process and to a fair trial. Complaint at 4-9. He seeks monetary damages and a prohibition on

23   King County filing any additional charges against him related to this case. Complaint at 11.

REPORT AND RECOMMENDATION - 1

Mr. Robinson's complaint alleges the following facts: He was charged with one count of fourth degree assault, one count of false imprisonment, and four counts of felony violation of a no-contact order. Complaint at 5. The trial judge granted Mr. Robinson's pretrial motion to redact the recordings of his jail calls as highly prejudicial; the jury heard a redacted version of the recordings at trial. *Id.* The jury returned verdicts of not guilty on the assault and false imprisonment charges, but guilty on the no-contact order violations. *Id.* After the verdict, the trial judge discovered that during deliberations, the jury had had access to all the jail call recordings, including both the redacted and unredacted versions. *Id.*

## DISCUSSION

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id*. § 1915A(b).

A civil rights complaint under § 1983 cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). "*Heck*, in other words, says that if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996). The § 1983 action "is barred (absent prior invalidation)—no matter the relief sought (damages or equitable

1  relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal

2  prison proceedings)—if success in that action would necessarily demonstrate the invalidity of

3  confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

4          Mr. Robinson is challenging the improper admission of evidence in his criminal trial.

5  Success on his claims would necessarily undermine the validity of his conviction. And he has not

6  shown that his conviction has already been invalidated. Mr. Robinson states that "Mr. O'Ban

7  concedes to this but wishes to retry Mr. Robinson." Complaint at 8. This statement indicates that

8  the criminal proceedings are ongoing. Mr. Robinson's claims are therefore barred under *Heck v.*

9  *Humphrey*.

10          In addition, prosecutors are absolutely immune from damages under § 1983 when acting

11  within the scope of their duties in presenting the state's case. *See Imbler v. Pachtman*, 424 U.S.

12  409, 410 (1976) (applying absolute immunity to bar a § 1983 action alleging that a prosecutor

13  knowingly used false testimony at trial). Mr. O'Ban is therefore not subject to § 1983 liability for

14  his alleged actions related to the improper admission of evidence at trial.

## CONCLUSION

16          Based on the foregoing, the undersigned recommends that plaintiff's complaint be

17  dismissed **without prejudice** and his IFP application (Dkt. 1) be **denied as moot**. In some cases,

18  the Court may grant a § 1983 plaintiff leave to amend before dismissing without prejudice. This

19  is not such a case. The record is clear that Mr. Robinson's claims, if successful, would invalidate

20  his conviction, and that the defendants he seeks to sue are immune from § 1983 liability.

## OBJECTIONS AND APPEAL

22          This Report and Recommendation is not an appealable order. Therefore, a notice of

23  appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the

REPORT AND RECOMMENDATION - 3

assigned District Judge enters a judgment in the case. Plaintiff may, however, file objections to this Report and Recommendation. Any objections to this Recommendation must be filed no later than **[three weeks].** The Clerk should note the matter as ready for the District Judge's consideration on that date. Objections shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 4th day of October, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 4